PEOPLE *v.* COLGROVE.

*(Supreme Court, General Term, Fifth Department.* April 13, 1892.)

APPEAL IN BASTARDY PROCEEDINGS—TIME OF TAKING.

 Bastardy proceedings being of a criminal character, defendant cannot be granted a new trial for newly-discovered testimony, where he fails to make his application therefor within one year from the previous trial; Code Crim. Proc. §§ 465, 466, as amended by Laws 1887, c. 534, providing that such application, in criminal cases, must be made within one year.

Appeal from court of sessions, Livingston county.

Nathan Colgrove was convicted of bastardy, and appeals from an order denying him a new trial. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. H. Relya,* for appellant. *L. O. Reed,* for the People.

MACOMBER, J. The order of filiation was made against the defendant by justices of the peace of Livingston county on the 4th day of December, 1888. That conviction was, on appeal, affirmed by the court of sessions, where a new trial was had, and such determination of the court of sessions was affirmed by the general term of this court in January, 1891. 14 N. Y. Supp. 948, *mem.* Soon after the decision of this court a motion for a new trial was made in the court of sessions upon the ground of newly-discovered evidence. The court did not look into the papers offered on such motion, but upheld the objection made by the district attorney that the application had been made too late, and that that court had no power to grant the relief asked for. From the order entered on that decision this appeal is taken. By section 465 of the Code of Criminal Procedure, when it is made to appear by affidavit that, upon another trial, the defendant can produce evidence such as, if before received, would probably have changed the verdict, a new trial may be granted, provided such evidence has been discovered since the trial, is not cumulative, and a failure to produce it on the trial was not owing to want of diligence. By section 466 of that Code, such application must be made within one year. This provision of the statute seems to be conclusive against the appellant in this instance, unless, as is contended for by his counsel, the case is not of a criminal nature, and falls within the provisions of the Code of Civil Procedure, where there seems to be no such limitation as to the time in which an application of this nature must be made. In the case of *People* v. *Carney,* 29 Hun, 47, it was held that proceedings of this character were criminal, and not civil; and that the provisions of the Code of Civil Procedure, as they then stood, relative to appeals, had. no application to appeals in bastardy proceedings, but that such proceedings can only be reviewed by a common-law writ of *certiorari.* The power vested in the court of sessions is derived solely from the statute, and no common-law power in that court can be resorted to, in order to enable it to grant a new trial under these circumstances. For this reason we think the order appealed from should be affirmed. There are other reasons why this conclusion would be reached, but it is not deemed necessary or advisable to state them, for we think that the court of sessions placed its decision upon the proper ground. It follows that the order appealed from should be affirmed. Order appealed from affirmed, and the case remitted. All concur.