HOHNER *v.* GRATZ.

*(Circuit Court, S. D. New York. May 7, 1892.)*

FOREIGN JUDGMENTS—RES ADJUDICATA—INFRINGEMENT OF TRADE-MARK.
In an action in equity to restrain the defendant from selling in this country harmonicas made in Germany, and protected by the complainant's trade-mark, a motion will not be granted, after the cause is in readiness for hearing, giving leave to interpose a supplemental answer setting up a judgment rendered against the same complainant in a suit in Germany to restrain an alleged violation of the same trade-mark there, in which the defendant there was the principal of the defendant here; because foreign adjudications, as respects torts, are not binding, and because the granting of an injunction depends in part upon circumstances which vary in different jurisdictions; and also because neither the parties nor the subject-matter of the two suits are the same, and neither comity nor public policy require or

admit that the protection of the citizens of this country against imposition or fraud committed here should in any degree be held subject to the decisions of a foreign tribunal.

In Equity. Bill by Mathias Hohner against William R. Gratz to restrain the violation of a trade-mark. Motion for leave to file a supplemental answer setting up a foreign judgment, denied.

*Louis C. Raegener,* for complainant.

*Benno Loewy,* for defendant.

BROWN, District Judge. The recent adjudication in Germany which is sought to be set up as a supplemental answer in bar of the complainant's demand, is not, in my judgment, entitled to the force of an adjudication in an action like the present. The relief prayed for is to restrain the violation of the complainant's trade-mark in harmonicas, through any sales of the infringing harmonicas by the defendant in this country. The granting of such relief has reference not merely to the complainant's rights, but to the protection of the American public against imposition. *Medicine Co.* v. *Wood,* 108 U. S. 218–223, 2 Sup. Ct. Rep. 436. The question whether the alleged infringement is likely to impose upon the public, or whether it involves an unfair and inequitable business competition, depends upon the circumstances of the place. An injunction might be properly refused in Germany, and yet properly granted here, from the different circumstances which would necessarily enter into the decision.

Comity, moreover, does not require, nor does public policy permit, that the protection of the citizens of this country against imposition in transactions within its own territory, should in any degree be held subject to the decisions of any foreign tribunal. See *Brimont* v. *Penniman,* 10 Blatchf. 436. Cases like the present have no analogy to suits upon foreign judgments rendered on contracts, or other subjects of ordinary common-law right, and are not within such adjudications as that of *Hilton* v. *Guyott,* 42 Fed. Rep. 249, and the cases there cited. Here the subject-matter is a tort, and an imposition upon the public alleged to be committed or about to be committed here. Such subjects are not concluded by foreign adjudications, even when the acts referred to are the same identical acts. Whart. Confl. Laws, §§ 793, 827.

But here the particular subject-matter of the two actions is not identically the same. Though similar torts or imposition in Germany may have been the subject of the suit in the German tribunal, those acts are not the same as similar torts committed here; nor is the defendant the same, though he may be the agent of the German defendant. What is sought here is to restrain this defendant's torts within this country, and his imposition upon the American public; and that is a different subject from a restraint upon the principal in Germany, against similar torts committed there. The motion is, therefore, on both grounds denied.