TILLMAN PEARSON, Judge
(dissenting).
In my view, the cases cited by the majority do not reach the issue before us because they involved a decree from a sister state.
The foreign judgment, upon which the appellee relies to establish appellant’s duty to support her child, is penal. The judgment found that appellant was the father *32 of the child, sentenced him to two years in the workhouse, and ordered that he pay her forty Dominican dollars per month. The principle of comity should not be invoked to give effect to judgments of this nature because they are entered by the foreign country while exercising its police regulations. See In re Neidnig’s Estate, 1908, 123 App.Div. 894, 108 N.Y.S. 478; anno., 16 A.L.R.2d 1098, 1103, § 3; and 10 Am.Jur.2d, Bastards, § 130. The primary purpose of the Dominican proceeding was apparently punishment — not compensation. One need only look to the Dominican proceeding, as related by the appellee upon deposition, to realize the wisdom of this policy.
For the foregoing reasons, I respectfully dissent.